IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:20-121-RMG |
| | ) | Criminal No. 2:08-331-RMG |
| Alouis Levorge Taylor, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| | ) | |

Defendant, acting *pro se*, has written the Court requesting that the Court modify a previously imposed sentence on a supervised release violation in order that he might qualify for credits under the First Step Act. Criminal No. 2:08-331, Dkt. No. 171. By way of background, Defendant was sentenced to 156 months on March 28, 2022 pursuant to a plea agreement adopted under Rule (11)(c)(1)(C) of the Federal Rules of Criminal Procedure. Criminal No. 2:20-121, Dkt. Nos. 91, ¶ 10; 108. The plea agreement avoided a possible 25 year mandatory minimum sentence for a second 924(c) violation. *Id.*, Dkt. No. 4 at 2. On that same date, the Court imposed an 18 month sentence for supervised release violations to run concurrent with the 156 month sentence. Criminal No. 2:08-331, Dkt. No. 170.

Defendant asserts in his recent letter to the Court that had the Court imposed the sentence related to the supervised release violations consecutive to the 156 months sentence imposed for new criminal conduct he would be eligible to earn First Step Act credits that could reduce his period of incarceration. Defendant seeks to have the Court modify its sentence to make his previously imposed supervised release sentence consecutive to his 156 month sentence.

A sentencing court has very limited authority to modify a criminal sentence once it has been imposed. The Court may modify a sentence up to 14 days after sentencing to correct a clerical

1

2

error or upon a motion of the Government for substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35.  The Court may also modify a sentence for compassionate release under very limited circumstances not applicable here. 18 U.S.C. § 3582(c).

The Court has no authority to modify the previously imposed sentence for supervised release violations under the circumstances requested by Defendant.  Consequently, the motion to modify Defendant's sentence is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 10 , 2023
Charleston, South Carolina

2